AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
May 20, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>Nyreon Tucker )<br>*Defendant* ) | Case No. 4:24-CR-00253-5 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

After considering the pretrial services report, the testimony presented at the hearing, the proffer of the Defendant, and the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the Defendant provided evidence to overcome the presumption, but that the United States met its burden to prove by clear and convincing evidence that no combination of conditions can reasonably assure the safety of the community.  The Court bases this conclusion on the following findings and considerations:

(1) The charged offenses are multiple counts of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951 and aiding and abetting the use or brandishing of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The testimony at the hearing established that, as a group, Defendants have been connected to a total of nineteen different robberies of Uber/Lyft drivers.

The robberies followed a common pattern:  an individual (either one of the Defendants or a person they knew) would request a ride from Lyft or Uber for pickup at a particular address.  When the driver arrived, two or more Defendants entered the vehicle and shortly thereafter pointed a firearm at the driver/victim and threatened to kill him/her unless the victim cooperated with them.  The Defendants then proceeded to rob the victims of items such as money, credit cards, phones, and airpods.  The Defendants demanded passwords to cash transfer apps like CashApp, or required the victims to transfer money to them via CashApp or similar accounts.  The Defendants forced victims, again at gunpoint, to drive to one or more ATM location and withdraw the victim's money and hand it over to Defendants.   One victim was forced to withdraw a total of $3500 from various ATM's, emptying his bank account.

Defendant Turner is accused of aiding and abetting or participating in one robbery of an Uber or Lyft driver and aiding and abetting or carrying/brandishing a firearm in connection with that robbery.  Testimony at the hearing established that Defendants threatened to kill the driver if he failed to cooperate.  The driver decided to defend himself and grabbed the barrell of the pistol pointed at him and pointed it at the roof of the vehicle. During the struggle with the weapon, the driver accidentally pressed on the accelerator and the vehicle crashed into a parked car.  The Defendants fled the accident on foot.  Tucker was arrested some time later and a loaded weapon was found in the vehicle he was in when arrested.  There was also a juvenile in the car with him when arrested.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  The evidence presented at the hearing regarding Defendant Turner is substantial.  At the time of the robbery for which he was indicted, Turner was wearing a GPS monitor for a state bond offense.  The location information from his GPS monitor matches the location and timing of the robbery.  Furthermore, the rideshare request involved in the robbery came from "Nyreon" which is Tucker's first name and that ride share account affiliates with Tucker.

(3) The history and characteristics of the Defendant.  The Defendant is 19 years old and unemployed.  Prior to his incarceration in the Harris County Jail on related state charges, he lived with his parents.  His mother told pretrial services that he could return to live with her if given bond. Defendant denied mental health or substance use issues. However, the Defendant has a pending felony charge for possession of a controlled substance which predates the robberies for which he is charged.  In addition he has a pending felony aggravated robbery with a deadly weapon charge that predates the robbery with which he is charged in this case, and for which he was on bond when the instant offense was committed.

The bond for aggravated robbery with a deadly weapon required the GPS monitor which Tucker was wearing when the instant offense was committed.

Tucker also has four pending state felony aggravated robbery with a deadly weapon charges which may or may not be related to the charges in this case.  He also has a bond revocation due to committing a new law violation while on bond, in addition to multiple technical violations.

4.  The seriousness of the danger posed by the Defendant's release.  The charged offenses demonstrate that the Defendant represents a serious danger to the community.  Testimony at the hearing connected Defendant to five of nineteen similar robberies of Uber/Lyft drivers in which drivers were held at gunpoint, threatened with death, forced to drive the Defendants around to various locations and withdraw money from ATM's, provide passwords and/or transfer money to Defendants.  These incidents were not isolated and required coordination and planning.  The incidents placed the drivers' lives in jeopardy and the drivers were threatened and feared for their lives.  Additionally, Tucker has a history of committing aggravated robbery with a deadly weapon while on bond for the same offense.

Based on Tucker's past behavior while on bond, the Court has no confidence that he will follow any conditions this Court will set.  Further, the Court finds the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the Defendant, and the seriousness of the danger posed by his release demonstrate by a clear and convincing evidence that he presents a danger to the community which cannot be reasonably mitigated by any combination of conditions.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Signed on May 20, 2024, at Houston, Texas.

_Christine A. Bryan_
Christina A. Bryan
United States Magistrate Judge